

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Roger Thurmond
District Attorney
Sixty-Third Judicial District
Del Rio, Texas

Dear Sir:

Opinion No. 0-7395
Re: Contract between Common and Independent School Districts for transfer of scholastics and tax proceeds, with related question.

We acknowledge receipt of your letter of August 31, 1946, in which you request an opinion of this department as to the following questions:

"1. Would it be lawful for the Trustees of the common school district after an election in such district levying a tax of sixty cents per one hundred dollar valuation to contract with the Del Rio Independent School District on a two year basis, paying such District all proceeds from such tax in excess of the amount presently being taxed and used for the operation of the local school, in consideration of the Del Rio Independent School District providing facilities for the education of their scholastics of junior high school and high school age without requiring tuition or other fees?

"2. If such contracts are lawful and entered into for two year periods, and should such contracts be renewed from time to time over a period of years, would such contracts and the continued renewals thereof operate to constitute a voluntary annexation to the Del Rio Independent School District?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Roger Thurmond - Page 2

Your letter supplies further information to the effect that for sometime the Del Rio Independent School District has been "educating a vast majority of the scholastics" of certain common school districts, all of which are located in the same county (Val Verde County) as the Del Rio District; "the ranch owners simply moving to Del Rio for the school season". The Del Rio schools are in need of financial assistance, and, in view of the fact that they provide school facilities to the children of the ranchmen for the entire county, the Trustees of the Del Rio District have proposed to the Trustees of the several common school districts that such districts, after having voted a minimum maintenance tax of 60¢ per $100 valuation, contract with the Del Rio District for the latter to provide school for the CSD scholastics of junior high and high school age, and that the CSD trustees retain the amount of the tax now levied in their respective districts for operation of the local schools therein, paying over to the Del Rio District the tax proceeds resulting from the increased rate in excess of the present rate.

In regard to the authority of school districts in general to enter into contracts, we believe the following statement from the court's opinion in the case of McCorkel v. District Trustees of Robinson Springs School District, 121 S. W. (2) 1048 (Civ. App.), is applicable to the present question:

"A quasi public corporation, such as a school district, which owes special duties to the public, may not enter into any contract that is not expressly authorized by law or necessarily implied from powers expressly granted." (See also 37 Tex. Jur. 943, Sec. 75).

We have been unable, in the light of the above-quoted statement from the McCorkel case, to find any authority for the common and independent school districts in question to enter into such a contract, as proposed in your first question, whereby an ISD contracts on a two-year basis to receive scholastics of junior high and high school grades from a CSD in consideration of payment by the CSD to the ISD of all proceeds from its maintenance taxes in excess of that used to operate local schools.

A careful examination of the school transfer statutes contained in the general law of this State reveals no express

Honorable Roger Thurmond - Page 3

provision for contracts such as described above. Art. 2699, R.C.S. 1925, does contain the following statement:

". . . provided, further, that all the children residing in a school district may be transferred to another district, or to an independent district, upon such terms as may be agreed upon by the trustees of said districts interested."

It will be noted, however, that the above provision applies to transfer of all the children residing in a district, and not to scholastics of certain grades. Further, in our opinion, it is doubtful whether such Act would be fairly construed to authorize contracts involving transfers of scholastics wherein one district agrees to pay over a portion of its tax proceeds to another district without reference to reasonable tuition charges by the receiving district.

The 1945 School Aid Appropriation Act (Ch. 361, Special Laws of the 49th Legislature) contains, in Article VIII thereof, provision for the transfer of entire districts by contract. We do not quote this Act in full since it is no authority for the type of contract here in question, and, furthermore, we have been informed by the First Assistant State Superintendent of Public Instruction that the school districts concerned in the contract proposed by your letter do not qualify at this time under the said Appropriation Act and are not, therefore, subject to its provisions.

Based upon the foregoing discussion, your first question is accordingly answered in the negative, that is to say, that a contract such as you propose, is not authorized by law.

Since your second question assumes the legality of such proposed contract, our answer to your first question renders unnecessary an answer to your second.

In connection with the general question of transfer of scholastics under the conditions evidently existing in Val Verde County, your attention is called to the case of Love v. City of Dallas, 120 Tex. 351, 40 S. W. (2) 20, which contains an exhaustive and authoritative discussion of the transfer statutes of this State. We believe you will find that this case is based on a fact situation similar, in some respects,

721

Honorable Roger Thurmond - Page 4

to that existing in regard to the Del Rio Independent School District.

Trusting that we have fully answered your questions, we remain,

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By W. N. Blanton, Jr.

APPROVEDSEP 26 1946

ATTORNEY GENERAL OF TEXAS

WNB-bw

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN